IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-00590-RM-NRN

DAVID C. HARTMAN,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

    Before the Court is Plaintiff's Motion to Certify Question of Law (ECF No. 26), seeking certification to the Colorado Supreme Court of a legal question that is central to this case. Defendant opposes the Motion, and it has been fully briefed. (ECF Nos. 28, 30.)  The Motion is denied for the reasons below.

    In its discretion, the Court may certify a question of state law to the state supreme court. *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988).  Certification may be appropriate "where the legal question at issue is novel and the applicable state law is unsettled." *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990).  However, "[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo*, 843 F.2d at 407.

    Here, Plaintiff seeks certification of the following question: "Whether an employee who receives workers compensation benefits (WCA) after being injured in an accident while acting in

the scope of his employment by a third-party tortfeasor is entitled to recover uninsured/underinsured (UM/UIM) benefits from his employer's insurance carrier." (ECF No. 26 at 2.) The Court acknowledges the absence of controlling state law precedent on this specific issue. *See also Ward v. Acuity*, 591 F. Supp. 3d 1003, 1006 (D. Colo. 2022) (finding that the interplay between the UM/UIM statute and the WCA presented an issue of first impression). However, as the *Ward* court found, there is ample guidance to be gleaned from relevant state and federal cases as to how the state supreme court would decide this issue. Were the Court required to make such a determination in ruling on a dispositive motion, the Court sees no reason why it would not be able to do so. That Plaintiff disagrees with the outcome in *Ward* is not a basis for certification here.

Moreover, it is not clear that this is the sole dispositive issue in this case. As Defendant notes in its Response, it is considering pursing a "failure to cooperate" defense. Were it to prevail on those grounds, certification would serve no purpose in this case. Nor is it clear that certification would be the more efficient way for this case to proceed because discovery is already underway.

Therefore, the Motion (ECF No. 26) is DENIED.

DATED this 17th day of November, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge